IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| STEVEN MACALUSO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 15 cv 1739 |
| vs. | ) |
| | ) |
| CITY OF CHICAGO, | ) |
| a municipal corporation, | ) |
| DETECTIVE JOSEPH STRUCK, | ) |
| DETECTIVE PAMELA CHILDS, | ) |
| JOHN DOE OFFICER 1, | ) |
| JOHN DOE OFFICER 2, | ) |
| JOHN DOE OFFICER 3, | ) |
| JOHN DOE OFFICER 4, | ) |
| JOHN DOE OFFICER 5, | ) |
| City of Chicago police officers, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Jurisdiction/Venue

1. This incident occurred on or about February 4, 2015 in Will and Cook Counties, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within the district.

Parties

4. The Plaintiff, Steven Macaluso, is a resident of the Will County, Illinois, located

in the Northern District of Illinois.

5. The Plaintiff is physically disabled, had a stroke a year and a half ago, and suffers from a variety of medical ailments and physical disabilities, including but not limited to, diabetes, heart disease, kidney disease, eye disease and neuropathy, among others.

6. These various ailments require the Plaintiff to take a daily regiment of medication, including several doses of insulin and dozens of pills per day.

7. Defendant City of Chicago is a municipal corporation and, at all times relevant to this Complaint, it was the principal employer of the Defendant Joseph Struck ("Defendant Struck"), Defendant Pamela Childs ("Defendant Childs"), Defendant John Doe Officer 1, Defendant John Doe Officer 2, Defendant John Doe Officer 3, Defendant John Doe Officer 4 and Defendant John Doe Officer 5, who were acting under color of law and in the scope of their employment with Defendant City Chicago as duly sworn police officers.

Facts

8. On or about February 4, 2015, as the Plaintiff was inside the Will County Courthouse, exiting a divorce proceeding where he was appearing *pro se*, Defendants John Doe Officer 1 and John Doe Officer 2 (together the "First Defendant Officers"), two white male officers in plain clothes, arrested the Plaintiff without any probable cause or legal justification for doing so.

9. The First Defendant Officers identified themselves as members of the Chicago Police Department Fugitive Task Force team.

10. In arresting the Plaintiff, the First Defendant Officers placed handcuffs on the Plaintiff, thus restricting his freedom of movement. While in the Will County Courthouse parking lot, the Plaintiff told the First Defendant Officers that the handcuffs were too tight and

causing him pain, and that he recently had hand surgery. The First Defendant Officers ignored the Plaintiff and refused to loosen his handcuffs, causing unnecessary pain and suffering. These handcuffs remained on the Plaintiff for at least an hour before they were finally removed at the Chicago police station where he was transported to.

11. Before being transported and during the transport, the Plaintiff alerted the First Defendant Officers to his various serious medical conditions and physical disabilities that required a daily medication regiment. While the First Defendant Officers allowed the Plaintiff to retrieve insulin from his car, in the Will County Courthouse parking lot, the First Defendant Officers did not allow the Plaintiff to retrieve additional required medications from the Plaintiff's home, even though they knew this refusal would expose the Plaintiff to a serious health risk.

12. There was no probable cause or other legal justification for the arrest of the Plaintiff.

13. Following the illegal arrest, the First Defendant Officers transported the Plaintiff to Area 2 Chicago Police Headquarters, where he was locked in a room for several hours. The Plaintiff requested from the First Defendant Officers his medication and that he be taken to a hospital to be given his medication, but these requests were ignored.

14. The Plaintiff knocked on the door requesting medical assistance and to use the bathroom, but he was ignored for several hours by one or more Chicago police officers.

15. Several hours later, Defendant Struck entered the room. The Plaintiff told Defendant Struck about his immediate and serious medical issues (including but not limited to his recent hand surgery, kidney disease, history of stroke, eye disease, diabetes, heart disease and neuropathy), that he needed his various medications, that he needed to keep hydrated, that he needed food, that he could not hold his urine without serious health exposure, and that, because

of his serious medical issues, he needed food and drink and needed to use the restroom. The Plaintiff also notified Defendant Struck that he needed to go to the hospital to get his medications. The Plaintiff also requested his attorney.

16. Defendant Struck denied the Plaintiff access to his attorney, access to medical care, access to the restroom, access to the hospital, and did not give him any food. Defendant Struck finally provided the Plaintiff with approximately six ounces of water in a small cup that the Plaintiff drank. However, Defendant Struck continued to deny the Plaintiff's request to use the bathroom, and thus the Plaintiff was forced to urinate into that same small cup since Defendant Struck would not allow the Plaintiff access to the restroom.

17. Several more hours passed, and the Plaintiff remained illegally detained, suffering from his various medical ailments, and in desperate need of medical assistance, food and more water. At some point, Defendant Childs (whom the Plaintiff made aware of all his serious and imminent medical ailments and needs but was ignored) moved the Plaintiff to another room. Once there, the Plaintiff once again asked Defendant Struck and Defendant Childs for an attorney, and for medical attention, food and water, all of which were denied.

18. Even though Defendant John Doe Officers 1 and 2 and Defendants Struck and Childs knew the Plaintiff had insulin with him at the police station, knew he had diabetes (among other medical conditions), and knew this was a serious medical situation that needed immediate medical attention, these officers refused to simply allow the Plaintiff to take his desperately needed insulin. This was due to these officers' deliberately indifferent acts and/or alternatively due to the City of Chicago's policy or policies not allowing the Plaintiff to take medication while at the police station. At no time while the Plaintiff was at the police station was he allowed to take any medication, including his insulin.

19. Time passed, Defendant John Doe Officer 3, a Hispanic male Chicago Police Officer, and Defendant John Doe Officer 4, an African American Chicago Police Officer (together the "Second Defendant Officers"), handcuffed the Plaintiff, put him in leg shackles, and transported the Plaintiff to the hospital (the Plaintiff was actually transported to two hospitals but the first one did not have his medications so the Plaintiff will only refer to one hospital visit). The Plaintiff told the Second Defendant Officers that the handcuffs were too tight and were hurting him and that he had recent hand surgery, but the Second Defendant Officers refused to loosen the handcuffs, causing unnecessary pain and suffering.

20. Once at the hospital, the Plaintiff received some medical care, food and water, and there he was finally able to take some of his prescription medications. While there, the Plaintiff again told the Second Defendant Officers that he was experiencing pain and numbness because his handcuffs were too tight. However, the Second Defendant Officers again refused to unhandcuff the Plaintiff or loosen his cuffs for a prolonged period of time.

21. After leaving the hospital, the Second Defendant Officers put the Plaintiff in the back seat of a police vehicle that was equipped with seat belts, but failed to fasten the Plaintiff's seat belt, despite his request to do so (this same request was made of the Second Defendant Officers during the transport to the hospital but was denied, and during this transportation the Plaintiff made the officers aware of how uncomfortable and unsafe it was to transport him in this manner). The Plaintiff remained handcuffed with his arms behind his back and his legs shackled while in the back seat of the squad car.

22. Shortly thereafter, the squad car the Plaintiff was riding in was in a car accident and the Plaintiff, who did not have his seat belt on, and who was still handcuffed and shackled, first was jarred backward, then went flying forward, directly into the metal divider in the squad

5

car in a classic "whiplash" type of action. The Plaintiff, injured and bloodied, was transported back to the hospital by ambulance, all the while remaining handcuffed and shackled.

23. Defendant John Doe Officer 5, an African American Chicago Police Officer, accompanied the Plaintiff back to the hospital. The Plaintiff explained to this Defendant that his handcuffs were too tight, but Defendant John Doe Officer 5 refused to loosen the cuffs, causing unnecessary pain and suffering. This Plaintiff also made this officer aware of his recent hand surgery and of his pain and discomfort, but this officer also refused to loosen the cuffs, which were too tight for over an hour.

24. Several hours later, without explanation, a Chicago police officer told the Plaintiff he was no longer under arrest and was free to leave from the hospital. After enduring approximately 14 hours of illegal detention and abuse at the hands of the Defendants, the Plaintiff was left stranded in the middle of the night with no money or means to get home in a Chicago neighborhood that was foreign to him.

25. Ultimately, the Plaintiff was required to call his elderly mother in the middle of the night to have a taxi arrange for his transportation home.

26. The Plaintiff has suffered extreme physical and emotional pain and suffering as a result of this incident, including but not limited to head and neck pain, bruising, lacerations and pain and discomfort to his wrists, plus pecuniary damages.

27. Specifically, regarding the Plaintiff's wrist injuries, the Plaintiff suffered swelling, bruising, numbness and possible nerve damage, and has an appointment to seek follow up medical treatment with his hand surgeon.

**COUNT I – 42 U.S.C § 1983**
**False Arrest/Unlawful Detention**
(Plaintiff v. Defendants John Doe Officer 1, John Doe Officer 2, Defendant Struck, and Defendant Childs)

6

28. Each paragraph of this Complaint is restated fully herein.

29. As described above, the Defendant Officers falsely arrested and unlawfully detained the Plaintiff without justification and without probable cause.

30. The misconduct undertaken in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

31. As a result of the above-described wrongful infringement of the Plaintiff's rights, he suffered damages including, but not limited to those described above.

**COUNT II – 42 U.S.C. § 1983**
**Deliberate Indifference**
(Plaintiff v. Defendants John Does 1-2, Defendant Struck, Defendant Childs)

32. Each paragraph of this Complaint is restated fully herein.

33. As described above, while the Plaintiff was held by the First Defendant Officers, Detective Struck, and Detective Childs, they failed to provide him with necessary medical attention.

34. As a result of the unjustified and unconstitutional conduct of the above-mentioned Defendants, the Plaintiff suffered injuries, described more fully above.

35. In this manner, the conduct of the above-mentioned Defendants violated the Fourteenth Amendment to the United States Constitution in that it was objectively unreasonable and deliberately indifferent to the Plaintiff's objectively serious medical needs.

36. The misconduct described in this Count was undertaken with malice, willfulness, and deliberate indifference to the rights of others.

37. The actions of the above-mentioned Defendants proximately caused the injuries suffered by the Plaintiff.

## COUNT III – 42 U.S.C. § 1983
### *Monell* Policy Claim
(Plaintiff v. Defendant City of Chicago)

38. Each paragraph of this Complaint is fully restated herein.

39. As more fully described above, while the Plaintiff was held by the Defendants, they failed to provide him with necessary medical attention, and more specifically medication.

40. The unjustified the actions of the First Defendant Officers, Defendant Struck, and Defendant Childs, in denying the Plaintiff medical attention for serious medical needs, were undertaken pursuant to one or more interrelated *de facto* policies, practices, and/or customs of the Defendant City of Chicago and its police department.

41. At all times relevant to this Complaint, the Defendant City of Chicago and its police department had interrelated *de facto* policies, practices, and/or customs which included, *inter alia*: the failure to properly train, supervise, discipline, transfer, monitor, counsel, and otherwise order or control police officers to allow arrestees/detainees with serious medical needs access to necessary medication.

42. The Plaintiff's injuries and were proximately caused by the Defendant City of Chicago's policy and practice of denying detainees with serious medical needs access to medication while in Chicago Police custody.

## COUNT – 42 U.S.C. §1983
### Excessive Force/Failure to Intervene
(Plaintiff v. John Doe Officer Defendants)

43. Each paragraph of this Complaint is fully restated herein.

44. The acts of the First Defendant Officers, the Second Defendant Officers, and Defendant John Doe Officer 5 in refusing to loosen the Plaintiff's handcuffs, after the Plaintiff repeatedly put them on notice of his recent hand surgery and the pain and numbness he was

experiencing, violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizures and thus violated 42 U.S.C. §1983.

45. The acts of the First Defendant Officers, the Second Defendant Officers, and Defendant John Doe Officer 5 in failing to prevent said abuse, despite each having the opportunity and duty to do so, violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizures and thus violated 42 U.S.C. §1983.

46. The aforementioned actions of the First Defendant Officers, the Second Defendant Officers, and Defendant John Doe Officer 5 were the direct and proximate cause of the violation of the Plaintiff's Fourth Amendment rights and his injuries, including but not limited to the damages described above.

**COUNT IV – STATE LAW CLAIM**
**False Imprisonment**
(Plaintiff v. Defendant City of Chicago)

47. Each paragraph of this Complaint is fully restated herein.

48. The Plaintiff was arrested and imprisoned, and thereby had his liberty to move about unlawfully restrained, despite one or more Chicago police officers, including but not necessarily limited to the Defendant Officers, knowing that there was no probable cause for doing so.

49. The above-mentioned Defendant Officers' actions and/or the actions of other City of Chicago police officers, all acting within the course and scope of their employment, were undertaken intentionally, with malice and reckless indifference to the Plaintiff's rights.

50. As a result of the above-described wrongful infringement of the Plaintiff's rights,

the Plaintiff's suffered damages, including but not limited to the damages described more fully above.

51. The misconduct described in this Count was undertaken by one or more City of Chicago police officers acting within the scope of their employment such that their employer, Defendant City of Chicago, is liable for their actions.

**COUNT VI – STATE LAW CLAIM**
**Battery**
(Plaintiff v. Defendant City of Chicago)

52. Each paragraph of this Complaint is fully restated herein.

53. One or more City of Chicago police officers, including but not necessarily limited to the John Doe Officers, knowingly and without legal justification, caused bodily harm to the Plaintiff when they refused to loosen his handcuffs, despite knowing the Plaintiff was in pain, was suffering from various medical conditions and was disabled, and had recently had surgery on his hands.

54. As described more fully above, the conduct of the individual Defendants, acting under color of law and within the scope of their employment with Defendant City of Chicago, constituted unjustified, harmful, and offensive physical contact, and proximately caused the Plaintiff's injuries.

55. The misconduct described in this Count was objectively unreasonable and undertaken intentionally, with malice, willfully and wantonly, and/or with reckless or willful indifference to the Plaintiff's rights.

**COUNT VII – STATE LAW CLAIM**
**Negligence or Alternatively Willful and Wanton Misconduct**
(Plaintiff v. Defendant City of Chicago)

56. Each paragraph of this Complaint is fully restated herein.

57. Defendant John Doe Officers 3 and 4 were transporting the Plaintiff and not enforcing the law at the time that they refused to place handcuffs on the Plaintiff, despite his request to do so and his inability to do so himself.

58. These officers, acting in the course and scope of their employment with Defendant City of Chicago, negligently and/or willfully and wantonly failed to secure the Plaintiff with a seat belt before his accident, and thus proximately caused the Plaintiff's injuries and/or exacerbated his injuries.

59. The misconduct described in this Count was objectively unreasonable and undertaken intentionally, with malice, willfully and wantonly, and/or with reckless or willful indifference to the Plaintiff's rights.

## COUNT VIII – STATE LAW CLAIM
*Respondeat Superior*

60. Each paragraph of this Complaint is fully restated herein.

61. In committing the acts in alleged in the preceding paragraphs, each of the individual Defendants were acting as an agent or employee of the Defendant City of Chicago, and were working in the course and scope of their employment and under color of law.

62. Defendant City of Chicago is therefore liable as principle for all state law torts committed by its agents.

## COUNT IX – STATE LAW CLAIM
**Indemnification**

63. Each paragraph of this Complaint is fully restated herein.

64. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

65. Defendant City of Chicago is the indemnifying entity for the actions of the

11

individual Defendants described herein who took their actions while under color of law and in the course and scope of their employment with the City of Chicago.

### Request for Relief

The Plaintiff respectfully requests that the Court enter judgment in his favor and against the Defendants, award compensatory damages and attorneys' fees against all Defendants, award punitive damages against the Defendant Officers in their individual capacities, and grant any other relief this Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Dated: February 26, 2015                  Respectfully submitted,

By: s/ Richard Dvorak
Richard Dvorak,
Attorney for the Plaintiff.

Richard Dvorak
DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527
(312) 593-7146 (p)
(312) 873-3869 (f)
richard.dvorak@civilrightsdefenders.com